UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1800 MICHIGAN AVENUE, et al.,

        Plaintiffs,

v.

SMALL BUSINESS ADMINISTRATION OF THE UNITED STATES, et al.,

        Defendants.

        Case No. 2:22-cv-10377

        HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING MOTION TO DISMISS [14]**

Plaintiffs are the three legal entities of the restaurant known as Bobcat Bonnie's. ECF 1, PgID 2. Plaintiffs sued the Small Business Administration ("SBA") and various federal government officials for money damages based on equitable estoppel and for declaratory relief. *Id.* at 3–4. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) based on a sovereign immunity defense, and Rule 12(b)(6) for failure to state a claim. ECF 14. In Plaintiffs' response brief, they asked for leave to file an amended complaint, for discovery, and for the Court to treat the motion to dismiss as a motion for summary judgment. ECF 16, PgID 58, 62–63.[1] For the following reasons, the Court will grant the motion to dismiss and deny Plaintiffs' requests.

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

## BACKGROUND[2]

The American Rescue Plan Act of 2021 was signed by the President in March 2021. ECF 1, PgID 3. The law included a Restaurant Revitalization Fund set up to provide monetary relief to restaurants hurt by the COVID-19 Pandemic. 15 U.S.C. §9009(c). Plaintiffs applied for Restaurant Revitalization funds, and the SBA approved their application. *Id.*

Plaintiffs received unconditional assurances from SBA employees that they were approved and that the funds would follow. *Id.* Relying on those assurances, Plaintiffs spent over $75,000 on restaurant related expenses. *Id.* But Defendants never disbursed the funds to Plaintiffs. *Id.*

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For that reason, courts may dismiss cases for "lack of subject-matter jurisdiction" at any time. Fed. R. Civ. P. 12(b)(1). When a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). When a defendant facially attacks whether the plaintiff properly alleged a basis for subject-matter jurisdiction, the trial court

---

[2] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

takes the complaint's allegations as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Last, "[a] district court may base a motion to dismiss on an affirmative defense." *Est. of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 925 (6th Cir. 2013). And Courts do grant motions to dismiss based on sovereign immunity. *Skidmore v. Access Grp., Inc.,* 149 F. Supp. 3d 807, 817 (E.D. Mich. 2015).

## DISCUSSION

The Court will first grant the Rule 12(b)(1) motion to dismiss the equitable estoppel claim. After, the Court will dismiss the declaratory relief claim.

3

I.  Equitable Estoppel

The equitable estoppel claim stems from Defendants' failure to disburse the Restaurant Revitalization Funds that Plaintiffs were promised. ECF 1, PgID 3–4. But because Defendants have sovereign immunity from equitable estoppel claims, the Court will dismiss the claim.

Decades of precedent have firmly established the sovereign immunity doctrine. *E.g.*, *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012) ("The United States can be sued only to the extent that it has waived its sovereign immunity.") (citation omitted); *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010) ("Sovereign immunity prevents suit against the United States without its consent.") (citation omitted). For that reason, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). A waiver "will not be implied." *Id.* (citation omitted).

To sidestep sovereign immunity, Plaintiffs identified a law, 15 U.S.C. § 634(b)(1), that allegedly abrogates sovereign immunity. ECF 16, PgID 61–62. Section 634(b)(1) provides that "the [SBA] Administrator may sue and be sued . . . in any United States District Court." But the law "does not establish a waiver of immunity so as to permit entertainment of [a] damages claim." *Sutton v. United States Small Bus. Ass'n*, 92 Fed. App'x 112, 123, n.15 (6th Cir. 2003) (quotation omitted).

4

Section 634(b) instead applies to "the performance of, and with respect to, the functions, powers, and duties vested in [the Administrator] by this chapter." Because Section 634(b) is in Chapter 14A, the plain text of "this chapter" refers to Chapter 14A. Here, Plaintiffs are suing the Administrator because they did not receive Restaurant Revitalization Funds. ECF 1, PgID 4. The Administrator disburses Restaurant Revitalization Funds under 15 U.S.C. § 9009(c), ECF 1, PgID 3, which is in Chapter 116(I). It follows that Section 634(b) applies only to the duties of Chapter 14A. But Plaintiffs are suing only for a failure of duty under Chapter 116(I) and thus Section 634(b) does not give the Court jurisdiction over Plaintiffs' claim. *See Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'") (quotation omitted).

In sum, Plaintiffs have identified no source that grants the Court jurisdiction over their equitable estoppel claim. The Court will therefore grant the motion to dismiss the equitable estoppel claim for lack of subject matter jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

II. <u>Declaratory Relief</u>

The Court will also dismiss the claim for declaratory relief for two reasons. First, Plaintiffs never addressed the declaratory relief in their response to the motion to dismiss. *See generally* ECF 16. The claim is therefore forfeited. *See Notredan L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (citation

5

omitted) (holding that a claim is forfeited when a plaintiff did not respond to an argument that the complaint did not state a plausible claim for relief). For the sake of thoroughness, however, the Court will dismiss the declaratory relief claim because it violates Rule 8.

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When ruling on a Rule 12(b)(6) motion, the Court must dismiss a complaint if it fails to allege facts "sufficient 'to raise a right to relief above the speculative level.'" *Hensley Mfg.*, 579 F.3d at 609. The Court will take the factual allegations in the complaint as true but will not presume the truth of legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiffs' requested declaratory relief is the same as a request for money damages. ECF 1, PgID 4 ("This court has the power to enforce Defendants' obligation to disperse [sic] the monies as promised."). And the declaratory relief differs from the money damages request by only requesting "all other relief the court may deem just, proper, or equitable." *Id.* Yet the "any further relief this Court deems just and proper" is "boilerplate" and does not "specifically request declaratory or injunctive relief." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013) (cleaned up). Plaintiffs' request for declaratory relief is therefore mere boilerplate and redundant of the monetary claims that the Court already dismissed. The complaint thus does not show that Plaintiffs have a right to declaratory relief. Given that Plaintiffs have skirted Rule 8(a)(2)'s requirements to show a right to relief, the Court will dismiss the declaratory relief claim.

III. Case Management

The complaint fails because Congress has not waived sovereign immunity, and because it fails state a claim upon which relief can be granted. Given the deficiencies, Plaintiffs asked in their response brief for leave to file a first amended complaint. ECF 16, PgID 63, for additional discovery, *id.* at 62–63, and for the Court to treat the motion to dismiss as a motion for summary judgment. *Id.*

The Court will deny Plaintiffs' request for leave to file a first amended complaint for two reasons. First, Plaintiffs have not moved under Civil Rule 15(a) for leave to file a first amended complaint. Under Rule 15(a)(1)(B), Plaintiffs could have amended the complaint *as a matter of course* within twenty-one days after Defendants moved to dismiss. Plaintiffs instead chose not to.

Second, based on the information before the Court, an amendment is futile. Local Rule 15.1 requires that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." Plaintiffs failed to attach a proposed amendment to their response. *See generally* ECF 16. Although failure to comply with Local Rule 15.1 "is not a ground for denial of the motion," granting leave to amend will be no more than a fool's errand. After all, Plaintiffs have not even suggested that they can assert a claim that will evade a sovereign immunity defense. *See Crosby v. Twitter, Inc.*, 921 F.3d 617, 628 (6th Cir. 2019) (denying leave to amend when the plaintiffs "included only a cursory request at the end of their opposition to [d]efendant's motion to dismiss"); *Ky. Mist Moonshine, Inc., v. Univ. of Ky.*, 192 F.

7

Supp. 3d 772, 791 (E.D. Ky. 2016) (denying leave to amend because the amendment would not resolve the sovereign immunity question).

Besides, "[w]ithout viewing the proposed amendment, it [is] impossible for the [] [C]ourt to determine whether leave to amend should [be] granted." *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003); see *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017) (collecting cases) (denying leave to amend when "plaintiffs have barely attempted to follow the proper amendment procedures"); *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) ("What plaintiffs may have stated, almost as an aside . . . in opposition to the defendant's motion to dismiss is . . . not a motion to amend").

Simply put, Plaintiffs have put little thought into the case. They failed to properly serve the complaint under Rule 4. *1800 Mich. Ave., v. United States Small Bus. Ass'n*, 2:21-cv-12069, ECF 9, PgID 33 (E.D. Mich. Feb. 16, 2022) (Murphy, J.). They filed a four-page complaint. ECF 1, PgID 1–4. And despite having extra time to respond to the motion to dismiss, Plaintiff filed a response brief that contained a meager *two* pages of legal analysis. ECF 16, PgID 61–62. Granting leave to amend is plainly not in the interests of justice and the Court will therefore deny the request.

Last, for Plaintiffs' requests for discovery and to convert the motion to dismiss into a summary judgment motion, the Court will deny those requests as moot.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [14] is **GRANTED**.

8

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: July 25, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 25, 2022, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager